# IN THE COURT OF APPEALS OF IOWA

No. 21-0817
Filed May 25, 2022

**MICHAEL ALEXANDER LAJEUNESSE,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.

_____

Appeal from the Iowa District Court for Polk County, Scott D. Rosenberg, Judge.

Michael Lajeunesse appeals the dismissal of his second application for postconviction relief. **AFFIRMED.**

Michael Lajeunesse, Anamosa, self-represented appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee State.

Considered by Bower, C.J., Vaitheswaran, J., and Danilson, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**DANILSON, Senior Judge.**

Michael Lajeunesse appeals the dismissal of his second application for postconviction relief (PCR). While his pro se brief on appeal is not a model of clarity, he appears to argue the court erred in finding his claims of ineffective assistance of criminal trial counsel in relation to prosecutorial misconduct[1] and "deceit and collusion"[2] of counsel were procedurally barred by Iowa Code section 822.8 (2019).

## I.      Background Facts and Proceedings

Lajeunesse was convicted of attempted murder and willful injury causing serious injury. We affirmed on direct appeal. *See State v. Lajeunesse*, No. 17-0507, 2018 WL 1099024, at *1–4 (Iowa Ct. App. Feb. 21, 2018). However, we preserved various claims of ineffective assistance of counsel for PCR—including a claim relating to prosecutorial misconduct and a claim that his counsel engaged in "deceit and collusion"—because he did not sufficiently develop the claims.[3] *Id.* at *4–6.

Lajeunesse filed his first PCR application in April 2018. In an amended application, he claimed counsel was ineffective in relation to cross-examining the victim and incorporated his claims he raised on direct appeal, which included his claims relating to prosecutorial misconduct and collusion and deceit. A second

---

[1] Based on Lajeunesse's appellate brief, this claim appears to center around the State's alleged suppression of the complaining party's medical records.

[2] This claim appears to focus on his counsel's supposed collusion with the State surrounding the expert testimony of the medical examiner.

[3] We affirmed on Lajeunesse's subsequent challenge to the district court's order for restitution. *See generally State v. Lajeunesse*, No. 18-0263, 2018 WL 3912180 (Iowa Ct. App. Aug. 15, 2018).

amended application only raised claims concerning effectiveness of trial and appellate counsel in relation to the cross-examination of the complaining party and the sufficiency of the evidence. In denying relief, the district court only considered the claims raised in the second amended application. The court did not rule on his claims relating to prosecutorial misconduct or collusion and deceit. Lajeunesse appealed, and we affirmed. *Lajeunesse v. State*, No. 19-1715, 2022 WL 469408, at *4 (Iowa Ct. App. Feb. 16, 2022). In doing so, we specifically noted Lajeunesse moved for expanded findings relating to his pro se claims he raised on direct appeal, but a notice of appeal was filed prior to any district court ruling on the motion.[4] *See id.* at *4 n.5. Lajeunesse raised those claims on appeal, but we found error was not preserved for our review because a notice of appeal was filed before the motion for expanded findings was ruled upon. *See id.*

In December 2019, after the district court's denial of Lajeunesse's first application, but well before we affirmed on appeal, Lajeunesse filed a second PCR application, generically alleging ineffective assistance of his attorney in the first PCR proceeding. In a subsequent filing, Lajeunesse claimed ineffective assistance of trial counsel, appellate counsel, restitution counsel, and appellate restitution counsel. He also touched on the allegations of prosecutorial error and "deceit and collusion."

In time, the State filed a motion to dismiss, arguing all of Lajeunesse's claims were procedurally barred as either litigated in the first action or not proper

---

[4] We note the September 2019 motion for expanded findings was filed pro se while Lajeunesse was represented by counsel. *See* Iowa Code § 822.3A (Supp. 2019). The notice of appeal was filed by counsel.

claims in a PCR proceeding. While the State acknowledged Lajeunesse was also claiming ineffective assistance of first PCR counsel, the State offered no reason why that claim should be dismissed. The court agreed with the State that all of Lajeunesse's claims were procedurally barred and granted the motion to dismiss.

Lajeunesse now appeals.

## II.    Standard of Review

We review the district court's ruling on a motion to dismiss for correction of errors at law.[5]  *Thongvanh v. State*, 938 N.W.2d 2, 8 (Iowa 2020).

## III.    Analysis

On appeal, Lajeunesse appears to argue the district court erred in concluding his ineffective-assistance claims concerning prosecutorial misconduct and deceit and collusion of counsel were procedurally barred.

On direct appeal, as noted, Lajeunesse raised multiple other claims including ineffective-assistance claims relating to prosecutorial misconduct and "deceit and collusion" by defense counsel.  *See Lajeunesse*, 2018 WL 1099024, at *5.  Because he did not sufficiently develop the claims, we preserved them for a possible PCR proceeding.  *Id.* at *6.[6]

---

[5] It is apparent from our review of the State's motion to dismiss and the court's ensuing ruling thereon that, in making its conclusions of law, the court essentially adopted the State's legal argument. Although the ruling is not a verbatim recitation of the motion, it is eerily close. We therefore choose to scrutinize the record more carefully in conducting our appellate review. *See, e.g.*, *NevadaCare, Inc. v. Dep't of Human Servs.*, 783 N.W.2d 459, 465 (Iowa 2010).

[6] On direct appeal, we considered two issues relating to the sufficiency of the evidence. *Lajeunesse*, 2018 WL 1099024, at *1–4. We preserved the following claims for PCR: (1) counsel was ineffective by failing to obtain a toxicology expert, (2) counsel was ineffective by failing to provide a more definitive challenge in closing arguments, (3) cumulative error, (4) prosecutorial misconduct,

Lajeunesse raised some of these same claims during his first PCR proceeding. However, with the aid of counsel, a second amended application for PCR was filed on May 13, 2019, and two counts identified the issues—trial counsel was ineffective in failing to (1) properly investigate the case, properly cross-examine the victim, and contradict the State's evidence that the victim's injuries were life threatening; and (2) challenge the sufficiency of the evidence as it related to whether the victim's injuries rose to the level of a serious injury. After a hearing on the merits, the first PCR court denied relief upon the issues in the second amended application but did not rule upon any other issues. Lajeunesse, pro se, moved for expanded findings on the claims, but his counsel filed a notice of appeal before the district court ruled on the motion.[7]

Lajeunesse raised the claims again in his second PCR proceeding. In dismissing the second PCR application, the court reasoned Lajeunesse did not preserve his claims "for appellate review" by raising them in the criminal proceeding and they could not be raised for the first time on PCR. The court found all ineffective-assistance claims were either fully litigated or waived in the first proceeding and Lajeunesse offered no "sufficient reason . . . why these claims were not raised in his first [PCR] proceeding." So the court found the claims were barred by Iowa Code section 822.8 and dismissed the second application.

---

(5) complaints about photographic evidence, (6) there was no record he was read his *Miranda* rights, (7) the court was biased against him, (8) deceit and collusion by counsel, (9) spoliation, and (10) other complaints about the prosecutor's conduct. *See id.* at *4–6

[7] In the motion, Lajeunesse argued first PCR counsel was never his attorney and his pleadings were the application and his "entire pro se supplemental brief."

In assessing whether the court was correct, we look to Iowa Code section 822.8, which provides:

> All grounds for relief available to an applicant under this chapter must be raised in the applicant's original, supplemental or amended application. Any ground finally adjudicated or not raised, or knowingly, voluntarily, and intelligently waived in the proceeding that resulted in the conviction or sentence, or in any other proceeding the applicant has taken to secure relief, may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application.

On direct appeal, we preserved Lajeunesse's claims concerning prosecutorial misconduct and collusion of counsel for possible PCR, and he forwarded those claims during the first PCR action. So he satisfied the requirement that he raise these available grounds for relief in the original action. *See* Iowa Code § 822.8. After clearing that hurdle, and as we quite recently explained, "the statute sets out three categories that may not be the basis of a subsequent application: (1) grounds finally adjudicated, (2) ground not raised, or (3) grounds knowingly, voluntarily, and intelligently waived . . . in another proceeding that applicant has taken to secure relief." *Hasselmann v. State*, No. 21-0483, 2022 WL 951084, at *4 (Iowa Ct. App. Mar. 30, 2022).

First, the court did not enter an adjudication on the specific claims identified on this appeal, and second, the claims did not go unraised in the first PCR proceeding. So the only remaining basis for barring them procedurally at this point would be if the claims were "knowingly, voluntarily, and intelligently waived" in the first proceeding. *See id.* The district court summarily decided any claims not fully litigated "were waived," but it offered no reason why. The court alternatively found

"these claims were not raised in his first [PCR] proceeding," and Lajeunesse failed to present a "sufficient reason" for not raising them. *See* Iowa Code § 822.8.

It is true that we found Lajeunesse failed to preserve error on his un-ruled upon claims because his counsel filed a notice of appeal before his motion for expanded findings was ruled on by the court. *See Lajeunesse*, 2022 WL 469408, at *4 n.5. But failure to preserve error on a claim and waiver thereof are two different things. *See Perez-Fuentes v. State*, No. 15-0584, 2016 WL 4384490, at *4 n.1 (Iowa Ct. App. Aug. 17, 2016). Also of note is the fact that the motion for expanded findings on the claims was filed pro se. While the court may have been without the authority to consider the motion due to a recently enacted statute at the time, *see* Iowa Code § 822.3A (Supp. 2019),[8] the motion was at least a signal to counsel that Lajeunesse wanted rulings on the claims. Rather than forward a motion that the court could undoubtedly consider, counsel filed a notice of appeal, thus depriving the district court of jurisdiction and leading to our conclusion that error was not preserved on the claims. Absent preservation of error, we also did not enter an adjudication on the claims. It is certainly true that the filing of a notice of appeal normally operates as a waiver and abandonment of a post-trial motion. *See IBP, Inc. v. Al-Gharib*, 604 N.W.2d 621, 628 (Iowa 2000). But "[w]aiver is the *voluntary* relinquishment of a known right," *id.* at 629, and "ineffective assistance of first PCR counsel"—which was Lajeunesse's initial substantive claim for relief in

---

[8] Section 822.3A prohibits an applicant "who is currently represented by counsel" from filing any pro se document and provides the court shall not consider such documents.

the second action—"could prevent . . . waiver of his claims from being knowing, voluntary, and intelligent." *Hasselmann*, 2022 WL 951084, at *4.

Before the district court was the State's motion to dismiss. Dismissal is only appropriate at this stage "[i]f the application . . . on its face shows no right of recovery under any state of facts." *Belk v. State*, 905 N.W.2d 185, 188 (Iowa 2017). Courts are required to "view the applicant's allegations 'in the light most favorable to the [applicant] with doubts resolved in that party's favor.'" *Id.* (alteration in original) (citation omitted).

However, a review of the proceedings in Lajeunesse's first PCR application provides illumination that Lajeunesse was given an opportunity for a hearing on the merits on all of his issues, including the issues he raises in this proceeding. In that proceeding, an order was entered on March 7, 2019, fixing a trial date and stating all pleadings would be closed sixty days before trial, and requiring a trial brief setting forth the issues to be addressed to be filed ten days before the trial. On April 25, 2019, although represented by counsel, Lajeunesse, filed a document entitled "Pleadings before trial to begin—60 days." In the document, Lajeunesse sets out five issues related to medical records, prosecutorial misconduct, the blurred photo, inconsistent statements, and jury instruction twenty-seven. Near the end of the trial, Lajeunesse told the court that he did not get to present his evidence. In response, the district court asked him what he wanted to present and gave him a full opportunity to present whatever evidence he wanted to include in the record. Lajeunesse then asked for various exhibits to be admitted, which the court accepted, except one that was not pre-filed. After concluding with the

exhibits, Lajeunesse asked the court, "Are we done for the day?" The court asked in response, "Are you ready?" And Lajeunesse responded, "Yes Sir." The trial then concluded. Although Lajeunesse was given the opportunity to present whatever evidence he wanted to enter, as we have noted, the court did not rule upon Lajeunesse's pro se claims.

On this record, a conclusion that Lajeunesse did not voluntarily, knowingly, and intelligently waive the claims raised in this appeal is not inconceivable. However, we decline to assume trial counsel was ineffective, and it is certainly plausible that trial counsel spoke with Lajeunesse, Lajeunesse agreed to forego his remaining claims, and, subsequently, had a change of mind when he filed the instant application.

Nonetheless, the most important point here is that Lajeunesse has not alleged in this proceeding that his trial counsel was ineffective in his first PCR proceeding by filing the notice of appeal before the district court ruled upon his motion to enlarge. In failing to allege trial counsel was ineffective for filing the notice of appeal prior to resolution of his motion to enlarge, he has voluntarily waived his right to raise such a claim.[9] And accordingly, the claims he has filed in this second PCR proceeding are barred.

---

[9] We also note the motion to enlarge only addressed a claim relating to medical records and did not address the claims of deceit, collusion, or prosecutorial misconduct.

We conclude the claims Lajeunesse pinpoints in this appeal are procedurally barred. We affirm the dismissal of Lajeunesse's second PCR application.

**AFFIRMED.**